Peter L. Berger (PB-0121)
Barry E. Negrin (BN-6816)
LEVISOHN, LERNER, BERGER & LANGSAM, LLP
757 Third Avenue, Suite 2500
New York, NY 10017
212-486-7272

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

INTERDYNAMICS, INC.

        Plaintiff,

v.

EF PRODUCTS, INC.
        Defendant.

Civil Action No.

CV 02 6375

BLOCK, J.

CHREIN

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Interdynamics, Inc. ("Plaintiff" or "Interdynamics"), by its counsel, alleges for its Complaint as follows:

### Nature of the Action

1. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, as a result of Defendant EF Products, Inc.'s ("Defendant" or "EF") infringement of three U.S. patents. Jurisdiction over the subject matter is conferred by 28 U.S.C. §§ 1338(a), 2201, and 2202. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and/or 1400(b).

### The Parties

2. Plaintiff is a New York Corporation having a principal place of business at 80 39th Street, Brooklyn, NY 11232.

3. On information and belief, Defendant is a corporation organized under the laws of the State of Texas and has a place of business at 1860 Crown Drive Suite 1400 Dallas, TX 75234 and does business in the State of New York and this judicial district.

### The Facts

4. Plaintiff is the sole owner of U.S. Patent No. 6,446,453 ("the '453 patent"), entitled "Unitary Hose Connector for Automobile Air Conditioner Servicing and Kit Utilizing Same", which issued on September 10, 2002.

5. Plaintiff is the sole owner of U.S. Patent No. 6,467,283 ("the '283 patent"), entitled "Method of Retrofitting Air Conditioner and System Therefor", which issued on October 22, 2002.

6. Plaintiff is the sole owner of U.S. Patent No. 6,089,032 ("the '032 patent"), entitled "Method of Retrofitting Air Conditioner and System Therefor", which issued on July 18, 2000.

7. Defendant makes, sells, and offers to sell under the Quest brand an automobile air conditioner kit, Model No. 414.

8. Defendant also makes, sells, and offers to sell at least one oil charge specifically designed for servicing and retrofitting automobile air conditioners, Part No. 309.

9. The Defendant has performed and continues to perform acts of infringement and contributory infringement in violation of the '453 patent, the '283 patent, the '032 patent, and has induced others to perform such acts.

10. Defendant's acts of infringement are willful.

11. Plaintiff Interdynamics has been and will continue to be damaged by the acts of infringement performed by Defendant.

### Plaintiff's First Cause of Action

### Direct Infringement of the '453 Patent

12. Plaintiff Interdynamics realleges and incorporates by reference each response contained in ¶¶ 1-11 of this Complaint as if fully set forth herein.

13. The Quest Kit No. 414 directly infringes the claims of the '453 patent.

14. This case is exceptional as construed under 35 U.S.C. § 285.

15. For the reasons stated above, Plaintiff prays that an injunction be issued against Defendant's acts of infringement, that the Court order an accounting for damages, and that the Court award interest, costs, and attorneys' fees to Plaintiff.

### Plaintiff's Second Cause of Action

### Direct Infringement of the '283 Patent

16. Plaintiff Interdynamics realleges and incorporates by reference each response contained in ¶¶ 1-15 of this Complaint as if fully set forth herein.

17. The Quest Oil Charge No. 309 directly infringes the claims of the '283 patent.

18. This case is exceptional as construed under 35 U.S.C. § 285.

19. For the reasons stated above, Plaintiff prays that an injunction be issued against Defendant's acts of infringement, that the Court order an accounting for damages, and that the Court award interest, costs, and attorneys' fees to Plaintiff.

### Plaintiff's Third Cause of Action

### Contributory Infringement of the '032 Patent

20. Plaintiff Interdynamics realleges and incorporates by reference each response contained in ¶¶ 1-19 of this Complaint as if fully set forth herein.

21. The Quest Oil Charge No. 309 is explicitly sold for use in a system and method which infringe the claims of the '032 patent. Hence, the Quest Oil Charge No. 309 contributorily infringes the claims of the '032 patent.

22. This case is exceptional as construed under 35 U.S.C. § 285.

23. For the reasons stated above, Plaintiff prays that an injunction be issued against Defendants' acts of infringement, that the Court order an accounting for damages, and that the Court award interest, costs, and attorneys' fees to Plaintiff.

WHEREFORE, Plaintiff respectfully pray for the following relief:

a. that this Court determine the '453 patent, the '283 patent, the '032 patent infringed by Defendant;

b. that this Court grant preliminary and permanent injunctions against such acts of infringement;

c.  that this Court order an accounting for damages and award Plaintiff damages against Defendant;

d.  that this Court grant interest, costs, and attorneys' fees to Plaintiff;

e.  that this Court grant Plaintiff such other relief that this Court may deem just and proper.

### Jury Demand

Plaintiff demands a trial by jury.

Dated: December 4, 2002

Respectfully,

LEVISOHN, LERNER, BERGER & LANGSAM, LLP
757 Third Avenue, Ste. 2500
New York, NY 10017
212-486-7272
Attorneys for Plaintiff
INTERDYNAMICS, INC.

By: _____
Peter L. Berger (PB-0121)
Barry E. Negrin (BN-6816)